UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CRUZ STEVEN WALKER,

                    Plaintiff,

       v.

RYAN L. FERREL,

                    Defendant.

CASE NO. 3:26-CV-5009-TL

ORDER TO SHOW CAUSE

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Cruz Steven Walker, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff is directed to show cause on or before March 4, 2026, explaining why this case should not be dismissed.

**I.      Background**

In the Complaint, Plaintiff, an inmate housed at the Kitsap County Jail ("the Jail"), alleges a corrections officer at the Jail harassed and bullied him. Dkt. 7.

ORDER TO SHOW CAUSE - 1

**II.     Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the

ORDER TO SHOW CAUSE - 2

defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Complaint, Plaintiff states a correctional officer taunted, bullied, and harassed Plaintiff related to Plaintiff's comments about the phone. Dkt. 7. Verbal harassment or abuse is generally "not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). "To state a Fourteenth Amendment claim based on a jail official's verbal harassment, a plaintiff must allege that the offending comments were 'unusually gross even for a prison setting and were calculated to and did cause him psychological damage.'" *Martell v. Las Vegas Metro. Police Dep't*, 2022 WL 1125380, at *3 (D. Nev. Apr. 13, 2022) (quoting *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); citing *Cooper v. Valdovinos* 2019 WL 7833904, at *3 (C.D. Cal. Dec. 12, 2019) (applying *Keenan* to pretrial detainee)). Here, Plaintiff complains only that a correctional officer harassed, bullied, and taunted him. Dkt. 7. Plaintiff's factual allegations relate to a one-time incident and Plaintiff concedes he engaged with the correctional officer, made derogatory comments about the correctional officer, called the correctional officer names, and used profanity toward the correctional officer. *See id*. The allegations in the Complaint are not sufficient to rise to the level of a constitutional violation.

Additionally, Plaintiff named a defendant in the caption of the Complaint, but does not name any defendants in the body of the Complaint nor does the statement of facts supporting his claims for relief name any Jail employee. *See* Dkt. 7. Plaintiff's allegations are insufficient to show what Jail employee personally participated in the alleged constitutional violations.

In sum, Plaintiff has not alleged facts sufficient to show a person acting under color of state law violated his constitutional rights. He, therefore, has failed to state a claim upon which relief can be granted. As it does not appear Plaintiff can cure the deficiencies in his Complaint to

raise a constitutional violation, Plaintiff must file a response to this Order showing cause why this case should not be dismissed.

**III.    Conclusion**

Because of the deficiencies identified above, the Court declines to direct Plaintiff's complaint be served on Defendant. Plaintiff is directed to show cause why this case should not be dismissed for failure to state a claim. His response to this Order shall be filed on or before March 4, 2026. If Plaintiff fails to response to this Order, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Dated this 2nd day of February, 2026.

David W. Christel
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4